UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,                         No. 2:11-cv-00951-MCE-EFB

          Plaintiff,

     v.                                PRETRIAL SCHEDULING ORDER

SFC GREYSTONE INVESTORS,
L.P.,

          Defendant.
_____/

     After reviewing the parties' Joint Status Report, the Court makes the following Pretrial Scheduling Order.

     I.   SERVICE OF PROCESS

     All named Defendants have been served and no further service is permitted without leave of court, good cause having been shown.

     II.  ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

     No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.

     III. JURISDICTION/VENUE

     Jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367.  Jurisdiction and venue are not contested.

1

1        IV.   DISCOVERY

2        All discovery, with the exception of expert discovery, shall

3   be completed by **August 24, 2012.**   In this context, "completed"

4   means that all discovery shall have been conducted so that all

5   depositions have been taken and any disputes relative to

6   discovery shall have been resolved by appropriate order if

7   necessary and, where discovery has been ordered, the order has

8   been obeyed.   All motions to compel discovery must be noticed on

9   the magistrate judge's calendar in accordance with the local

10  rules of this Court.

11       V.    DISCLOSURE OF EXPERT WITNESSES

12       All counsel are to designate in writing, file with the

13  Court, and serve upon all other parties the name, address, and

14  area of expertise of each expert that they propose to tender at

15  trial not later than **October 24, 2012.**[1]   The designation shall be

16  accompanied by a written report prepared and signed by the

17  witness.   The report shall comply with Fed. R. Civ. P.

18  26(a)(2)(B).

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26

27       [1] The discovery of experts will include whether any motions
    based on Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S.
    579 (1993) and/or Kumho Tire Co. v. Carmichael, 119 S. Ct. 1167
28  (1999) are anticipated.

2

1    Within twenty (20) days after the designation of expert

2 witnesses, any party may designate a supplemental list of expert

3 witnesses who will express an opinion on a subject covered by an

4 expert designated by an adverse party.  The right to designate a

5 supplemental expert for rebuttal purposes only shall apply to a

6 party who has not previously disclosed an expert witness on the

7 date set for expert witness disclosure by this Pretrial

8 Scheduling Order.

9    Failure of a party to comply with the disclosure schedule as

10 set forth above in all likelihood will preclude that party from

11 calling the expert witness at the time of trial.  An expert

12 witness not appearing on the designation will not be permitted to

13 testify unless the party offering the witness demonstrates:

14 (a) that the necessity for the witness could not have been

15 reasonably anticipated at the time the list was proffered;

16 (b) that the Court and opposing counsel were promptly notified

17 upon discovery of the witness; and (c) that the witness was

18 promptly made available for deposition.

19    For purposes of this Pretrial Scheduling Order, an "expert"

20 is any person who my be used at trial to present evidence under

21 Rules 702, 703, and 705 of the Federal Rules of Evidence, which

22 include both "percipient experts" (persons who, because of their

23 expertise, have rendered expert opinions in the normal course of

24 their work duties or observations pertinent to the issues in the

25 case) and "retained experts" (persons specifically designated by

26 a party to be a testifying expert for the purposes of

27 litigation).

28 ///

3

1   Each party shall identify whether a disclosed expert is

2 percipient, retained, or both.  It will be assumed that a party

3 designating a retained expert has acquired the express permission

4 of the witness to be so listed.  Parties designating percipient

5 experts must state in the designation who is responsible for

6 arranging the deposition of such persons.

7   All experts designated are to be fully prepared at the time

8 of designation to render an informed opinion, and give their

9 bases for their opinion, so that they will be able to give full

10 and complete testimony at any deposition taken by the opposing

11 party.  Experts will not be permitted to testify at the trial as

12 to any information gathered or evaluated, or opinion formed,

13 after deposition taken subsequent to designation.

14   Counsel are instructed to complete all discovery of expert

15 witnesses in a timely manner in order to comply with the Court's

16 deadline for filing dispositive motions.

17   VI.  MOTION HEARING SCHEDULE

18   The last day to hear dispositive motions shall be

19 **February 21, 2013**.  The parties shall comply with the following

20 filing deadlines:

21
      Dispositive motion            filed at least 8 weeks
22                                   prior to hearing

      Opposition and any            filed at least 5 weeks
23    cross-motion                   prior to hearing

24    Reply and opposition to       filed at least 3 weeks
      cross-motion                   prior to hearing
25
      Reply to cross-motion         filed at least 1 week
26                                   prior to hearing

27 ///

28 ///

4

1     The parties are directed to the Court's website for

2 available hearing dates.   (www.caed.uscourts.gov → choose Court

3 Calendar → choose Judge England → choose More Calendaring

4 Information)

5     All purely legal issues are to be resolved by timely

6 pretrial motions.  Failure to comply with Local Rules 230 and

7 260, as modified by this Order, may be deemed consent to the

8 motion and the Court may dispose of the motion summarily.

9 Further, failure to timely oppose a summary judgment motion[2] may

10 result in the granting of that motion if the movant shifts the

11 burden to the nonmovant to demonstrate that a genuine issue of

12 material fact remains for trial.

13     The Court places a page limit for points and authorities

14 (exclusive of exhibits and other supporting documentation) of

15 twenty (20) pages on all initial moving papers, twenty (20) pages

16 on oppositions, and ten (10) pages for replies.  All requests for

17 page limit increases must be made in writing to the Court setting

18 forth any and all reasons for any increase in page limit at least

19 fourteen (14) days prior to the filing of the motion.

20     For the Court's convenience, citations to Supreme Court

21 cases should include parallel citations to the Supreme Court

22 Reporter.

23 ///

24 ///

25 ///

26

---

27     [2] The Court urges any party that contemplates bringing a
motion for summary judgment or who must oppose a motion for
28 summary judgment to review Local Rule 260.

1    The parties are reminded that a motion <u>in</u> <u>limine</u> is a

2 pretrial procedural device designed to address the admissibility

3 of evidence.   The Court will look with disfavor upon

4 dispositional motions presented at the Final Pretrial Conference

5 or at trial in the guise of motions <u>in</u> <u>limine</u>.

6    The parties are cautioned that failure to raise a

7 dispositive legal issue that could have been tendered to the

8 court by proper pretrial motion prior to the dispositive motion

9 cut-off date may constitute waiver of such issue.

10    VII. <u>FINAL PRETRIAL CONFERENCE</u>

11    The Final Pretrial Conference is set for **May 2, 2013,** at

12 **2:00 p.m.**   At least one of the attorneys who will conduct the

13 trial for each of the parties shall attend the Final Pretrial

14 Conference.   If by reason of illness or other unavoidable

15 circumstance a trial attorney is unable to attend, the attorney

16 who attends in place of the trial attorney shall have equal

17 familiarity with the case and equal authorization to make

18 commitments on behalf of the client.

19    Counsel for all parties are to be fully prepared for trial

20 at the time of the Final Pretrial Conference, with no matters

21 remaining to be accomplished except production of witnesses for

22 oral testimony.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1   The parties shall file, not later than **April 11, 2013**, a

2   Joint Final Pretrial Conference Statement.  The provisions of

3   Local Rules 281 shall apply with respect to the matters to be

4   included in the Joint Final Pretrial Conference Statement.  In

5   addition to those subjects listed in Local Rule 281(b), the

6   parties are to provide the Court with a plain, concise statement

7   that identifies every non-discovery motion tendered to the Court

8   and its resolution.  Failure to comply with Local Rule 281, as

9   modified by this Pretrial Scheduling Order, may be grounds for

10  sanctions.

11    At the time of filing the Joint Final Pretrial Conference

12  Statement, counsel shall also electronically mail to the Court in

13  digital format compatible with Microsoft Word or WordPerfect, the

14  Joint Final Pretrial Conference Statement in its entirety

15  including the witness and exhibit lists.  **These documents shall**

16  **be sent to: mceorders@caed.uscourts.gov.**

17    The parties should identify first the core undisputed facts

18  relevant to all claims.  The parties should then, in a concise

19  manner, identify those undisputed core facts that are relevant to

20  each claim.  The disputed facts should be identified in the same

21  manner.  Where the parties are unable to agree as to what

22  disputed facts are properly before the Court for trial, they

23  should nevertheless list all disputed facts asserted by each

24  party.  Each disputed fact or undisputed fact should be

25  separately numbered or lettered.

26    Each party shall identify and concisely list each disputed

27  evidentiary issue which will be the subject of a motion in

28  limine.

1    Each party shall identify the points of law which concisely

2 describe the legal issues of the trial which will be discussed in

3 the parties' respective trial briefs.  Points of law should

4 reflect issues derived from the core undisputed and disputed

5 facts.  Parties shall not include argument or authorities with

6 any point of law.

7    The parties shall prepare a joint statement of the case in

8 plain concise language which will be read to the jury at the

9 beginning of the trial.  The purpose of the joint statement is to

10 inform the jury what the case is about.

11    The parties are reminded that pursuant to Local Rule 281

12 they are required to list in the Joint Final Pretrial Conference

13 Statement all witnesses and exhibits they propose to offer at

14 trial.  After the name of each witness, each party shall provide

15 a brief statement of the nature of the testimony to be proffered.

16 The parties may file a joint list or each party may file separate

17 lists.  These list(s) shall not be contained in the body of the

18 Joint Final Pretrial Conference Statement itself, but shall be

19 attached as separate documents to be used as addenda to the Final

20 Pretrial Order.

21    Plaintiff's exhibits shall be listed numerically.

22 Defendant's exhibits shall be listed alphabetically.  The parties

23 shall use the standard exhibit stickers provided by the Court

24 Clerk's Office: pink for plaintiff and blue for defendant.  In

25 the event that the alphabet is exhausted, the exhibits shall be

26 marked "AA-ZZ" and "AAA-ZZZ" etc.  After three letters, note the

27 number of letters in parenthesis (i.e., "AAAA(4)") to reduce

28 confusion at trial.

1  All multi-page exhibits shall be stapled or otherwise fastened

2  together and each page within the exhibit shall be numbered.  All

3  photographs shall be marked individually.  The list of exhibits

4  shall not include excerpts of depositions, which may be used to

5  impeach witnesses.  In the event that Plaintiff and Defendant

6  offer the same exhibit during trial, that exhibit shall be

7  referred to by the designation the exhibit is <u>first</u> <u>identified</u>.

8  The Court cautions the parties to pay attention to this detail so

9  that all concerned, including the jury, will not be confused by

10  one exhibit being identified with both a number and a letter.

11      The Final Pretrial Order will contain a stringent standard

12  for the offering at trial of witnesses and exhibits not listed in

13  the Final Pretrial Order, and the parties are cautioned that the

14  standard will be strictly applied.  On the other hand, the

15  listing of exhibits or witnesses that a party does not intend to

16  offer will be viewed as an abuse of the court's processes.

17      The parties also are reminded that pursuant to Rule 16 of

18  the Federal Rules of Civil Procedure it will be their duty at the

19  Final Pretrial Conference to aid the Court in: (a) the

20  formulation and simplification of issues and the elimination of

21  frivolous claims or defenses; (b) the settling of facts that

22  should properly be admitted; and (c) the avoidance of unnecessary

23  proof and cumulative evidence.  Counsel must cooperatively

24  prepare the Joint Final Pretrial Conference Statement and

25  participate in good faith at the Final Pretrial Conference with

26  these aims in mind.

27  ///

28  ///

1 A failure to do so may result in the imposition of sanctions
2 which may include monetary sanctions, orders precluding proof,
3 elimination of claims or defenses, or such other sanctions as the
4 Court deems appropriate.

5     VIII.  TRIAL BRIEFS

6     The parties shall file trial briefs not later than **April 18,**
7 **2013.**  Counsel are directed to Local Rule 285 regarding the
8 content of trial briefs.

9     IX.  EVIDENTIARY AND/OR PROCEDURAL MOTIONS

10     Any evidentiary or procedural motions are to be filed by
11 **April 11, 2013.**  Oppositions must be filed by **April 18, 2013,** and
12 any reply must be filed by **April 25, 2013.**  The motions will be
13 heard by the Court at the same time as the Final Pretrial
14 Conference.

15     X.  TRIAL SETTING

16     The trial is set for **June 24, 2013, at 9:00 a.m.**  Trial will
17 be by jury.  The panel will consist of **seven (7) jurors.**  The
18 parties estimate a trial length of **three (3) days.**

19     XI.  SETTLEMENT CONFERENCE

20     At the Final Pretrial Conference, the Court may set a
21 settlement conference if the parties so request.  In the event no
22 settlement conference is requested, the parties are free to
23 continue to mediate or attempt to settle the case with the
24 understanding that the trial date is a firm date.

25     In the event a settlement conference is set by the Court,
26 counsel are instructed to have a principal with full settlement
27 authority present at the Settlement Conference or to be fully
28 authorized to settle the matter on any terms.

1  At least seven (7) calendar days before the settlement

2  conference, counsel for each party shall submit to the chambers

3  of the settlement judge a confidential Settlement Conference

4  Statement.  Such statements are neither to be filed with the

5  Clerk nor served on opposing counsel.  Each party, however, shall

6  serve notice on all other parties that the statement has been

7  submitted.  If the settlement judge is not the trial judge, the

8  Settlement Conference Statement shall not be disclosed to the

9  trial judge.

10      Notwithstanding the foregoing, the parties may request a

11  settlement conference prior to the Final Pretrial Conference if

12  they feel it would lead to the possible resolution of the case.

13  In the event an early settlement conference date is requested,

14  the parties shall file said request jointly, in writing.  The

15  request must state whether the parties waive disqualification,

16  pursuant to Local Rule 270(b), before a settlement judge can be

17  assigned to the case.  Absent the parties' affirmatively

18  requesting that the assigned Judge or Magistrate Judge

19  participate in the settlement conference AND waiver, pursuant to

20  Local Rule 270(b), a settlement judge will be randomly assigned

21  to the case.

22      XII. VOLUNTARY DISPUTE RESOLUTION PROGRAM

23      Upon the stipulation of the parties in their August 1, 2011,

24  Joint Status Report, this matter is hereby referred to the

25  Voluntary Dispute Resolution Program.

26  ///

27  ///

28  ///

1          XIII.   MODIFICATION OF PRETRIAL SCHEDULING ORDER

2          The parties are reminded that pursuant to Rule 16(b) of the

3    Federal Rules of Civil Procedure, the Pretrial Scheduling Order

4    shall not be modified except by leave of court upon a showing of

5    **good cause.**   Agreement by the parties pursuant to stipulation

6    alone to modify the Pretrial Scheduling Order does not constitute

7    good cause.   Except in extraordinary circumstances,

8    unavailability of witnesses or counsel will not constitute good

9    cause.

10         XIV. OBJECTIONS TO PRETRIAL SCHEDULING ORDER

11         This Pretrial Scheduling Order will become final without

12   further order of the Court unless objections are filed within

13   seven (7) court days of service of this Order.

14         IT IS SO ORDERED.

15    Dated: September 8, 2011

16

17   _____

18   MORRISON C. ENGLAND, JR.
     UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

                              12